IN RE: AMENDMENT OF RULE 15 FOR DISTRICT COURTS OF OKLAHOMA
2024 OK 79
Decided: 11/18/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2024 OK 79, __ P.3d __

 

IN RE: AMENDMENT OF RULE 15, RULES FOR DISTRICT COURTS OF OKLAHOMA

ORDER

¶1 The Court hereby amends Rule 15, Rules for District Courts of Oklahoma, 12 O.S., ch. 2, app., as shown on the attached Exhibits A and B.

¶2 The amended rule shall be effective immediately.

¶3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 18th DAY OF NOVEMBER, 2024.

 

/S/CHIEF JUSTICE

All Justices Concur.

 

 

EXHIBIT A

Rules for the District Courts of Oklahoma

Rule 15. Disqualification of Judges in Civil and Criminal Cases

a. Before filing any motion to disqualify a judge, an in camera request shall first be made to the judge to disqualify or to transfer the cause to another judge. If such request is not satisfactorily resolved, not less than ten (10) days before the case is set for trial a motion to disqualify a judge or to transfer a cause to another judge may be filed and a copy delivered to the judge.

b. Any interested party who deems himself aggrieved by the refusal of a judge to grant a motion to disqualify or transfer a cause to another judge may re-present his motion to the Chief Judge of the county in which the cause is pending or, if the disqualification of a Chief Judge is sought, to the Presiding Judge of the administrative district by filing in the case within five (5) days from the date of said refusal a written request for re-hearing. A copy of the request shall be mailed or delivered to the Chief Judge or Presiding Judge, to the adverse party and to the judge who entered the original order. If the hearing before the second judge results in an order adverse to the movant, he shall be granted not more than five (5) days to institute a proceeding in the Supreme Court or the Court of Criminal Appeals for a writ of mandamus. Neither the Supreme Court nor the Court of Criminal Appeals will entertain an original proceeding to disqualify a judge or to direct a judge to transfer a cause to another judge unless it is shown that the relief sought was previously denied by the judge to whom the matter was re-presented in accordance with this rule. An order favorable to the moving party may not be reviewed by appeal or other method.

c. An original proceeding in mandamus to disqualify a judge in a civil action or proceeding shall be brought in the Supreme Court; an original proceeding in mandamus to disqualify a judge in a criminal case or proceeding shall be brought in the Court of Criminal Appeals. If mandamus is not brought in the appellate court designated as proper by this rule, the case will be transferred to the proper court either on motion or sua sponte. Art. VII, § 4 Okla. Const.

d. When an interested party has filed a formal motion for a judge to disqualify or recuse, the judge cannot proceed with the case until the disqualification stands overruled of record following a party's compliance with this rule. Miller Dollarhide, P.C. v. Tal, 2007 OK 58, 163 P.3d 548. "Overruled of record" occurs when the interested party's request to disqualify or recuse has been denied by the judge, the Chief or Presiding Judge, and the appellate court or the time for the interested party to complete Rule 15(a)-(c) has expired. Nothing in this rule shall prevent another judge from proceeding forward with the case, pending resolution of the requested disqualification or recusal of the subject judge.

e. No judge who is either recused or disqualified shall participate in the selection of the successor judge to the case. Rules on Administration of Courts, Rule 9, 20 O.S., ch. 1, app. 2. 

f. In a civil proceeding, sanctions for the filing of a frivolous motion to disqualify a judge or recuse may be invoked against the party filing such motion in favor of the party required to defend against it (including a real party in interest). A frivolous motion may include one brought for the sole purpose of delay or to disrupt the proceeding or a motion so obviously without any merit as to impute bad faith on the party seeking disqualification or recusal. Where the filing of a motion is in good faith, sanctions will not be imposed. 12 O.S., § 2011. 

 

 

 

EXHIBIT B

Rules for the District Courts of Oklahoma

Rule 15. Disqualification of Judges in Civil and Criminal Cases

a. Before filing any motion to disqualify a judge, an in camera request shall first be made to the judge to disqualify or to transfer the cause to another judge. If such request is not satisfactorily resolved, not less than ten (10) days before the case is set for trial a motion to disqualify a judge or to transfer a cause to another judge may be filed and a copy delivered to the judge.

b. Any interested party who deems himself aggrieved by the refusal of a judge to grant a motion to disqualify or transfer a cause to another judge may re-present his motion to the Chief Judge of the county in which the cause is pending or, if the disqualification of a Chief Judge is sought, to the Presiding Judge of the administrative district by filing in the case within five (5) days from the date of said refusal a written request for re-hearing. A copy of the request shall be mailed or delivered to the Chief Judge or Presiding Judge, to the adverse party and to the judge who entered the original order. If the hearing before the second judge results in an order adverse to the movant, he shall be granted not more than five (5) days to institute a proceeding in the Supreme Court or the Court of Criminal Appeals for a writ of mandamus. Neither the Supreme Court nor the Court of Criminal Appeals will entertain an original proceeding to disqualify a judge or to direct a judge to transfer a cause to another judge unless it is shown that the relief sought was previously denied by the judge to whom the matter was re-presented in accordance with this rule. An order favorable to the moving party may not be reviewed by appeal or other method.

c. An original proceeding in mandamus to disqualify a judge in a civil action or proceeding shall be brought in the Supreme Court; an original proceeding in mandamus to disqualify a judge in a criminal case or proceeding shall be brought in the Court of Criminal Appeals. If mandamus is not brought in the appellate court designated as proper by this rule, the case will be transferred to the proper court either on motion or sua sponte. Art. VII, § 4 Okla. Const.

d. When an interested party has filed a formal motion for a judge to disqualify or recuse, the judge cannot proceed with the case until the disqualification stands overruled of record following a party's compliance with this rule. Miller Dollarhide, P.C. v. Tal, 2007 OK 58, 163 P.3d 548. "Overruled of record" occurs when the interested party's request to disqualify or recuse has been denied by the judge, the Chief or Presiding Judge, and the appellate court or the time for the interested party to complete Rule 15(a)-(c) has expired. Nothing in this rule shall prevent another judge from proceeding forward with the case, pending resolution of the requested disqualification or recusal of the subject judge.

e. No judge who is either recused or disqualified shall participate in the selection of the successor judge to the case. Rules on Administration of Courts, Rule 9, 20 O.S., ch. 1, app. 2.

f. In a civil proceeding, sanctions for the filing of a frivolous motion to disqualify a judge or recuse may be invoked against the party filing such motion in favor of the party required to defend against it (including a real party in interest). A frivolous motion may include one brought for the sole purpose of delay or to disrupt the proceeding or a motion so obviously without any merit as to impute bad faith on the party seeking disqualification or recusal. Where the filing of a motion is in good faith, sanctions will not be imposed. 12 O.S., § 2011.